**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nancy Watts; and Frank Simoncini, | No. CV-17-01035-PHX-DGC (Lead Case) |
| Plaintiffs, | No. CV-17-01034-PHX-DGC |
| | (Consolidated Actions) |
| vs. | |
| Hans Truesdell and Myriam Hernandez Mendoza, husband and wife; Pelican Partners International, S. de R.L. de C.V., a Mexican variable capital company; and Kaizen de Mexico, a Mexico business entity, | **ORDER** |
| Defendants. | |

Plaintiffs Nancy Watts and Frank Simoncini have filed a motion for entry of default against Defendant Kaizen de Mexico ("Kaizen"). Docs. 21, 29. Defendant Hans Truesdell has filed a response to which Plaintiffs have replied. Docs. 34, 36. No party requests oral argument or an evidentiary hearing. For reasons stated below, the Court will grant the motion.

**I.    Background.**

These cases arise from title issues relating to condominiums Plaintiffs purchased in the Bella Sirena development in Puerto Peñasco, Mexico. Plaintiffs filed state court actions against Truesdell, his wife Mariam Hernandez Mendoza, Kaizen, and Pelican

Partners International ("Pelican"), the Bella Sirena developer.  Plaintiffs allege that Defendants engaged in a fraudulent scheme by which Plaintiffs were induced to pay unnecessary legal fees to Kaizen to defend their titles from liens placed on the properties. Plaintiffs assert consumer fraud, negligent misrepresentation, and breach of fiduciary duty claims against Truesdell, Hernandez, and Kaizen (Counts 1, 2 and 5), breach of contract and breach of covenant of good faith and fair dealing claims against Kaizen (Counts 3 and 4), and state RICO claims against all Defendants (Count 6).

The cases were removed to this Court and consolidated.  Doc. 8.  The RICO claims were dismissed.  Docs. 15, 16.[1]  Truesdell and Hernandez filed answers.  Docs. 8, 17, 38, 39.  The cases were reassigned to the undersigned judge on May 29, 2019. Doc. 45.

Plaintiffs contend that on March 8, 2017, they properly served process on Kaizen in Arizona by delivering the summonses and complaints to Truesdell, an officer of Kaizen.  Doc. 21 at 1-2; *see* Doc. 20 at 6, 12 (affidavits of service).  Kaizen has not answered or otherwise responded to the complaints.  Plaintiffs seek the entry of Kaizen's default pursuant to Federal Rule of Civil Procedure 55(a).

**II.     Service of Process on a Foreign Business Entity.**

"[S]ervice of process can be effected on a foreign corporation through delivery of the summons and complaint to 'an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.'" *Jones v. Bank of Am. NA*, No. CV-17-08231-PCT-SMB, 2018 WL 6831961, at *1 (D. Ariz. Dec. 28, 2018) (quoting Fed. R. Civ. P. 4(h)(1)(B)); *see* Fed. R. Civ. P. 4(e)(1), (h)(1)(A) (service may be made in a judicial district of the United States by following state law for serving a summons); Ariz. R. Civ. P. 4(i) (a foreign business entity "may be served by delivering a copy of the summons and the pleading being served to a partner, an officer, [or] a managing or general agent"); *Mach 1 Air Servs., Inc. v. Mainfreight, Inc.*, No. CV-14-

---

[1] Given the dismissal of the RICO claims, Pelican is no longer a party.  *See* Doc. 23 at 2.

01444-PHX-SPL, 2015 WL 11181334, at *2 n.4 (D. Ariz. Mar. 5, 2015) (noting that the requirements for serving foreign corporations are the same under federal and Arizona law). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid[.]" *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004); *see Mach 1*, 2015 WL 11181334, at *2; *EFX Performance Inc. v. Lindley*, No. SACV 10-01261-JVS (AGRx), 2011 WL 13227775, at *3 (C.D. Cal. Jan. 4, 2011) (plaintiffs must show valid service by a preponderance of the evidence); *Nicks v. Brewer*, No. 10-CV-1220-JAR-JPO, 2010 WL 4868172, at *4 (D. Kan. Nov. 23, 2010) (same). The reviewing court may consider declarations and other evidence in determining whether service was valid. *See Benson v. 750 Pine Mgmt., LLC*, No. CV-18-9199 PSG (GJSx), 2019 WL 1744853, at *2 (C.D. Cal. Feb. 7, 2019).

**III.    Service of Process on Kaizen Was Valid.**

Plaintiffs present sworn declarations showing that Truesdell is a Kaizen officer. Doc. 29-1. Watts states that in June 2010, Pelican informed her that liens had been placed on her condominium and it was her responsibility to defend against a seizure lawsuit. Pelican recommended that she contact Truesdell to retain Kaizen's legal services. Watts called Kaizen and spoke with Truesdell. He explained that he and his wife own Kaizen and offered to remove the liens from the property. *Id.* at 2-3.

Three months later, Watts met with Truesdell and Hernandez in Arizona to discuss Kaizen's services. Truesdell stated that he was Kaizen's CEO and Hernandez was the company's CFO. Truesdell explained that Kaizen had a legal strategy to defeat the seizure action against Watts's condominium and that Kaizen represented other Bella Sirena property owners facing similar lawsuits. *Id.* at 3-4.

Based on these representations, Watts met with Truesdell and Hernandez in Mexico to further discuss the scope of Kaizen's representation. Truesdell presented Watts with a Kaizen contract for services, which she signed. Watts frequently contacted Truesdell regarding Kaizen's progress on the case until she terminated Kaizen's services in June 2015. *Id.* at 4; Doc. 1-2 at 8. Watts had no dealings with any other Kaizen

3

1    personnel except for the attorney Kaizen hired to help with her case.  Doc. 29-1 at 5.

2    Watts understood Truesdell to be the principal officer of Kaizen at all relevant times.  *Id.*

3          Simoncini had a similar experience.  He states that in August 2010, Truesdell

4    called him on behalf of Kaizen to discuss a group legal effort to oppose the seizure of

5    Bella Sirena properties.  The next month, Simoncini met with Truesdell and Hernandez in

6    Arizona to discuss Kaizen's legal strategy.  Truesdell made clear that he and Hernandez

7    operated Kaizen.  *Id.* at 7-8.

8          Simoncini rarely received updates from Truesdell in the ensuing years, but

9    managed to arrange a meeting with him in late 2015 to discuss the status of the case.

10   Simoncini never met or communicated with anyone from Kaizen other than Truesdell and

11   Hernandez.  During this entire time, Simoncini understood Truesdell to be the principal

12   officer of Kaizen.  *Id.* at 8-9.  Simoncini and Watts note that Truesdell continues to

13   identify himself as the CEO of Kaizen on his LinkedIn profile.  *Id.* at 3, 9.

14         Truesdell does not refute these facts.  *See* Doc. 35.  He states that he was a part-

15   time employee of Kaizen from 2010 to 2015 and did not have a job title.  *Id.* at 1.  He

16   further states that he has never been an officer, director, or shareholder of Kaizen and was

17   not authorized to accept service of process for the company.  *Id.* at 2.  But other than

18   these conclusory assertions, Truesdell presents no evidence regarding his actual position

19   with Kaizen or his purported departure from the company in 2015.  He offers no

20   employment records or corporate documents.  He identifies no other current or former

21   officer of Kaizen.  And he fails to explain why he identified himself as Kaizen's CEO

22   during meetings with Plaintiffs and in phone calls and emails to them.  *See id.* at 1.  He

23   claims that Kaizen did not actually have a CEO, but admits that his LinkedIn profile

24   states that he has been the company's CEO from "2001 to the present – 18 years."  *See*

25   *id.*; https://www.linkedin.com/in/hans-truesdell-a2114812 (last visited June 14, 2019).[2]

26   Truesdell's assertion that he has never been an officer of Kaizen is simply not credible.

27   _____

28         [2] The profile indicates that Truesdell's position as the CEO of another Mexican

4

1    Plaintiffs have shown by a preponderance of the evidence that Truesdell was a

2    Kaizen officer when he was served with process on March 8, 2017. *See* Doc. 20 at 6, 12.

3    Service of process on Kaizen was therefore valid. *See* Fed. R. Civ. P. 4(h)(1)(B); Ariz.

4    R. Civ. P. 4(i); *Lassiter v. Coxcom, Inc.*, No. 08-CV-1561-HCAB, 2008 WL 4646334,

5    at *4 (S.D. Cal. Oct. 20, 2008) (finding that the plaintiff met his burden of proving

6    service by a preponderance of the evidence based on the parties' declarations).[3]

7    Truesdell contends that because Kaizen is a Mexican company and Mexico has

8    ratified the Hague Convention, service of process pursuant to the Convention is

9    mandatory. Doc. 34 (citing *OGM, Inc., v. Televisa, S.A. de C.V.*, No. CV 08-5742-JFW

10   (JCx), 2009 WL 1025971, *1 (C.D. Cal. Apr. 15, 2009)). But the Convention applies

11   only to service outside the United States. *See Brockmeyer*, 383 F.3d at 801 ("Because

12   service of process was attempted abroad, the validity of that service is controlled by the

13   Hague Convention[.]"); *Codigo Music, LLC v. Televisa S.A. de C.V.*, No. 15-CIV-21737,

14   2017 WL 4346968, at *7 (S.D. Fla. Sept. 29, 2017) ("The express language of the Hague

15   Convention makes clear that the Convention only applies to service in other countries.");

16   *Tiangang Sun v. China Petro. & Chem. Corp.*, No. CV 13-05355 BRO (EX), 2014 WL

17   11279466, at *5 (C.D. Cal. Apr. 15, 2014) ("Rule 4(f) governs service of a corporation if

18   service is made outside of any judicial district of the United States [and] provides that

19   service may be made pursuant to . . . any internationally agreed means of service, such as

20   the Hague Convention[.]"). Because Kaizen was served in Arizona (*see* Doc. 20

21   at 6, 12), the Hague Convention does not apply. *See Codigo Music*, 2017 WL 4346968,

22   at *7 (distinguishing *OGM* because the plaintiffs sought to serve Televisa in the United

23   States).

24

25

---

26   company (Unibiolab) ended in 2015, but no separation is indicated with respect to
     Kaizen. *See id.*

27

28         [3] Given this ruling, the Court need not decide whether Truesdell was an agent of
     Kaizen. *See* Docs. 34 at 4-5, 36 at 4-5.

**IT IS ORDERED:**

1. Plaintiffs' motion for entry of default against Kaizen (Doc. 21) is **granted**. The Clerk is directed to enter Kaizen's default pursuant to Rule 55(a).

2. Plaintiffs' motion for a ruling (Doc. 41) is **denied** as moot. *See* Doc. 44.

3. A Rule 16 Case Management Conference is set for July 10, 2019 at 4:00 p.m. before the Honorable David G. Campbell, 401 West Washington Street, Courtroom 603, Phoenix, Arizona 85003. The Court will issue a separate order regarding the requirements for the Rule 16 Case Management Conference.

Dated this 18th day of June, 2019.

*David G. Campbell*

David G. Campbell
Senior United States District Judge